IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Minor Fernando Luis Pomales Rivera, represented by his mother Teresita de Jesús Rivera with legal custody and *Patria Potestas*; Minor Víctor Nieves-Vélez, represented by his mother Eva Luz Vélez-Román with legal custody and *Patria Potestas*; Minor Leonardo Alvarado Sánchez, represented by his mother Leida Sánchez Ortiz with legal custody and *Patria Potestas*, <br><br> Plaintiffs, <br><br> v. <br><br> FHC Health Systems, Inc.; Alternative Behavioral Services, Inc.; First Hospital Panamericano, Inc.; First Corrections - Puerto Rico, Inc. D/B/A Puerto Rico Adolescent Training School; Puerto Rico Adolescent Training School; Administration of Juvenile Institutions of the Commonwealth of Puerto Rico; José Negrón Fernández, in his personal and official capacity as Administrator of Juvenile Institutions, Jane Doe and the conjugal partnership compose by them; Rafael Malavé in his personal and official capacity as Sub-Director of Juvenile Institutions, Jane Roe and the conjugal partnership compose by them; Director X, in his or her personal and official capacity as Administrator of Puerto Rico Adolescent Training School; unknown Defendant and the conjugal partnership compose by them; unknown Defendants of the Administration of Juvenile Institutions; I, J, K, L and M Defendants; Insurance companies A, B, C, D, E, F, G, H, and I; unknown perpetrators and unknown companies AA and BB, <br><br> Defendants. | Cases No. 06-2044; 07-1084; 07-1272 (DRD) <br><br> Re: Violation of the Title VII of the Civil Rights Act of 1964, Section 1983; USC Constitutional Amendments 5, 8 and 14 <br><br> Trial by Jury |

**ORDER**

Pending before the Court is the *Motion to Dismiss* filed by defendants, the Administration of Juvenile Institutions of the Commonwealth of Puerto Rico ("AJI"); José Negrón Fernández, Administrator of the Juvenile Institutions ("Negrón"), and Rafael O. Malavé, Sub-Director of the Juvenile Institutions ("Malavé"), in Case No. 07-1084, Docket No. 45, and plaintiff Víctor Nieves-Vélez' opposition thereto (Docket No. 47).

Based upon the consolidation of the case of Víctor Nieves-Vélez, Case No. 07-1084 (RLA) with the instant case by Order of March 26, 2008 (Docket No. 52), the *Motion to Dismiss* filed by the Administration of Juvenile Institutions of the Commonwealth of Puerto Rico ("AJI") is granted. See *Opinion and Order* of March 24, 2008 (Docket No. 50) entered in Case No. 06-2044. The dismissal with prejudice is granted only as to the AJI under the Eleventh Amendment, as only compensatory damages are requested for past violations under 42 U.S.C. § 1983, and to defendants Negrón and Malavé in their official capacity. The case against the Commonwealth for damages as well as to the federal jurisdiction damages is also dismissed for the same reasons as set forth in our *Order* of March 24, 2008 (Docket No. 50), under the Eleventh Amendment, as held by *Edelman v. Jordan*, 415 U.S. 651 (1974), and *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). The Court stresses that since there is no federal grounds to sue the Commonwealth and/or the individual defendants in their official capacity, the only cause of action as to the Commonwealth and individual defendants in their personal capacity is a damages action under local law. Under *Pennhurst*, *supra*, the State, nor its officers in their official capacity, can be sued in federal court **based exclusively on State law**.[1] Hence, the instant action remains as to plaintiffs' claims against

---

[1] *Pennhurst*, 465 U.S. at 102-103; 120-121:

> While the rule permitting suits alleging conduct contrary to "the supreme authority of the United States" has survived, the theory of *Young* has not been provided an expansive interpretation. Thus, in *Edelman v. Jordan*, 415 U.S. 651(1974), the Court emphasized that the Eleventh Amendment bars some forms of injunctive relief against state officials for violation of federal law. Id. In particular, *Edelman* held that when a plaintiff sues a state official alleging a violation of federal law, the federal court may award an injunction that governs the official's future conduct, but not one that awards retroactive monetary relief. Under the theory of *Young*, such a suit would not be one against the State since the federal-law allegation would strip the state officer of his official authority. Nevertheless, retroactive relief was barred by the Eleventh Amendment.
>
> . . .

defendants Negrón and Malavé in their individual capacity, under 42 U.S.C. § 1983, and Art. 1802 of the Puerto Rico Civil Code.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 26th day of March, 2008.

>s/Daniel R. Domínguez
>DANIEL R. DOMINGUEZ
>U.S. DISTRICT JUDGE

---

The Eleventh Amendment should not be construed to apply with less force to this implied form of jurisdiction than it does to the explicitly granted power to hear federal claims. The history of the adoption and development of the Amendment, see supra, at 6-9, confirms that it is an independent limitation on all exercises of Art. III power: "the entire judicial power granted by the Constitution does not embrace authority to entertain suit brought by private parties against a State without consent given," *Ex parte State of New York No. 1*, 256 U.S. 490, 497 (1921). If we were to hold otherwise, a federal court could award damages against a State on the basis of a pendent claim. Our decision in *Edelman v. Jordan, supra*, makes clear that pendent jurisdiction does not permit such an evasion of the immunity guaranteed by the Eleventh Amendment. We there held that "the District Court was correct in exercising pendent jurisdiction over [plaintiffs'] statutory claim," 415 U.S. at 653, n. 1, but then concluded that the Eleventh Amendment barred an award of retroactive relief on the basis of that pendent claim. *Id*.

. . .

In sum, contrary to the view implicit in decisions such as *Greene*, *supra*, [*Greene v. Louisville & Interurban R. Co.*, 244 U.S. 499 (1917)], neither pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.FN31 A federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment. **We concluded above that a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment**. [*See infra* at page 100]. We now hold that this principle applies as well to state-law claims brought into federal court under pendent jurisdiction. (Emphasis ours).